UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNA URBANSKA,
    Plaintiff,

v.                                              3:09-cv-1975 (WWE)

SERGEANT CHRISTOPHER BAKER;
POLICE OFFICER CHRISTOPHER
BROEMS; POLICE OFFICER PETER
MALANGA; POLICE OFFICER TROY
STRAUSER; and NORWALK POLICE
OFFICER GREGG SCULLY,
    Defendants.

## MEMORANDUM OF DECISION ON DEFENDANT SCULLY'S MOTION FOR RECONSIDERATION

Defendant Police Officer Gregg Scully seeks reconsideration of the Court's ruling (Doc. #29) denying his motion for summary judgment. For the following reasons, Scully's motion (Doc. #30) will be granted, and, upon reconsideration, the Court will adhere to its previous ruling.

## BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's previous ruling and will not be repeated here. In its ruling, the Court denied Scully's motion, finding that there were material issues of fact precluding entry of summary judgment. Specifically, the Court concluded that a reasonable jury could find that Scully failed to intervene to protect plaintiff's constitutional rights from infringement by the other officers present during the events underlying this action. The Court recognized that it did not have the benefit of all the facts of the underlying stop and search of plaintiff to permit it to grant summary judgment. As such, the Court stated that it would

1

review Scully's motion again should the other defendants file for summary judgment and provide the Court with a fuller picture of the day's events.

Scully now argues that the Court overlooked his minimal participation in the search at issue.

**DISCUSSION**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

In light of the evidence before the Court and construing the facts in favor of plaintiff as the non-movant, summary judgment is inappropriate at this time. Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). Scully's objections to the motion for reconsideration are based on the credibility of the evidence, specifically of the transcript and recording of the police communications provided by plaintiff. At this stage, however, the Court makes no credibility determinations and cannot choose between conflicting interpretations of the evidence if both are reasonable. See McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006).

In addition, Scully's new submissions do nothing to undermine the Court's conclusion regarding plaintiff's failure to intervene claim. See Anderson v. Branen, 17

F.3d 552, 557 (2d Cir. 1994).

Finally, as to Scully's request to be permitted to file a second motion for summary judgment specifically addressing the issue of qualified immunity. Based on the first set of motion papers, there are insufficient facts for the Court to conduct a determination of whether Scully's actions were reasonable. There are too many factual issues for a jury for the Court to find at this time that Scully is protected by qualified immunity. As the Court stated, if the other defendants file for summary judgment, the Court will again review Scully's papers.

## CONCLUSION

For the foregoing reasons, defendant Scully's motion for reconsideration (Doc. #30) is GRANTED. Upon reconsideration, the Court adheres to its previous ruling.

Dated at Bridgeport, Connecticut, this 6th day of May, 2011.

                                          /s/
                              Warren W. Eginton
                              Senior United States District Judge